IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MILLARD COUNTY TAX PAYERS FOR RESPONSIBLE GOVERNMENT, LLC; MELANIE A. SLAVENS, and; JOHN/JANE DOES A through Z;<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD T. WADDINGHAM, individually and in his official capacity as Millard County Attorney; WADDINGHAM & ASSOC, P.C., and; JOHN/JANE DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DENYING REMAINING MOTIONS WITHOUT PREJUDICE<br><br>Case No. 2:13-CV-329 TS |

This matter is before the Court on Defendants' Motion to Strike, Defendants' Motion to Dismiss, and Plaintiffs' Motion for Leave to File Second Amended Complaint. For the reasons discussed below, the Court will grant Plaintiffs' request for leave to file a Second Amended Complaint and will deny Defendants' Motions without prejudice.

1

I.  BACKGROUND

Plaintiffs filed their Complaint on May 9, 2013, and an Amended Complaint was filed on May 28, 2013.  Defendants responded by seeking to strike certain allegations in the Amended Complaint.  Defendants also filed an Answer and a Motion to Dismiss.

In response to Defendants' Motion to Dismiss, Plaintiffs seek leave to file a Second Amended Complaint.  Through their proposed Second Amended Complaint, Plaintiffs seek to cure certain deficiencies that give rise to Defendants' Motion to Dismiss.  Defendants have opposed Plaintiffs' Motion to Amend, arguing that the proposed Second Amended Complaint remains fatally flawed.  In response to that argument, Plaintiffs have submitted a revised proposed Second Amendment Complaint, to which Defendants have not had the opportunity to respond.

II.  DISCUSSION

Where, as in this case, a motion under Rule 12(b) has been served, Federal Rule of Civil Procedure 15(a)(2) dictates that "a party may amend its pleading only with the opposing party's written consent or the court's leave."[1]  The Rule specifies that "[t]he court should freely give leave when justice so requires."[2]  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[3]  However, the Court may refuse to grant leave to amend where it finds evidence of "undue delay,

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Id*.

[3] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[4]

Defendants oppose Plaintiffs' request to amend, arguing first that amendment is futile. Defendants argue that Plaintiffs lack standing and that Plaintiffs have failed to state any claims upon which relief may be granted. As Plaintiffs admit, "Defendants have raised legitimate issues."[5] However, Plaintiffs have attempted to address those issues through their proposed Second Amended Complaint and revised proposed Second Amendment Complaint. While Defendants have had the opportunity to address the former, they have not had the opportunity to address the latter. The Court would like to provide Defendants that opportunity before addressing the issue of standing and the validity of Plaintiffs' claims. Therefore, the possibility of futility of amendment does not necessitate a denial of Plaintiffs' Motion in this case. However, the Court cautions Plaintiffs to be mindful of Defendants' arguments in drafting a Second Amended Complaint. Further, by permitting amendment, the Court is not stating that Plaintiffs have standing to assert their claims or that any of their asserted claims are viable.

Defendants also argue that Plaintiffs have failed to show good cause to grant leave, specifically arguing that the interests of justice do not require that leave be granted and that Plaintiffs' proposed Second Amended Complaint is presented for improper purposes. The Court disagrees. Plaintiffs seek amendment to cure the alleged deficiencies presented in Defendants'

---

[4] *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[5] Docket No. 23, at 2.

Motion to Dismiss. Whether Plaintiffs are successful in this attempt will be decided at a later date. Further, while the allegations contained in the Complaints are serious, the Court cannot find bad faith or dilatory motive on the part of Plaintiffs. Therefore, the Court will allow amendment.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket No. 14) is GRANTED.  Plaintiffs are directed to file their Second Amended Complaint within thirty (30) days of this Order.  It is further

ORDERED that Defendants' Motion to Strike and Motion to Dismiss (Docket Nos. 7 and 9) are DENIED WITHOUT PREJUDICE.

The hearing set for September 10, 2013, is STRICKEN.

DATED   August 13, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge