IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MILLARD COUNTY TAX PAYERS FOR RESPONSIBLE GOVERNMENT, LLC; MELANIE A. SLAVENS, individually and as Special Administrator of the Estate of James Kenneth Slavens (aka James K. Slavens), and; JOHN/JANE DOES A through Z,<br><br>    Plaintiffs,<br><br>vs.<br><br>RICHARD T. WADDINGHAM, individually and in his official capacity as Millard County Attorney; WADDINGHAM & ASSOC, P.C., and; JOHN/JANE DOES 1-10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12(f) MOTION TO STRIKE<br><br><br>Case No. 2:13-CV-329 TS |

    This matter is before the Court on Defendants' Rule 12(f) Motion to Strike Allegations in the Second Amended Complaint. Defendants seek to strike Paragraphs 134 through 140 and 155 through 160 of Plaintiffs' Second Amended Complaint. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

Fed.R.Civ.P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to Strike under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.[1]

Having reviewed the paragraphs at issue, the Court finds that, with the exception of the final two sentences of Paragraph 155, they are not redundant, immaterial, impertinent, or scandalous. Therefore, the Court will largely deny Defendants' Motion. However, the Court will strike the final two sentences of Paragraph 155 as immaterial, impertinent, and scandalous.[2]

It is therefore

ORDERED that Defendants' Rule 12(f) Motion to Strike Allegations in the Second Amended Complaint (Docket No. 28) is GRANTED IN PART AND DENIED IN PART.

DATED   October 21, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1380 (2007).

[2] These sentences provide: "Plaintiffs further contend that a credible argument can be made that but for Attorney Waddingham's deceptive actions to defraud voters in the election campaign, that Attorney Slavens would not have been killed.  To that end, Plaintiffs contend that if Attorney Slavens had been elected Millard County Attorney, he would not have been in the circumstances that led to his death on December 12, 2013." Docket No. 27, ¶ 155.